**Bill RICHARDSON, Appellant,**

v.

**Anne CANNON, Court Reporter, Appellee.**

Court of Appeals of Kentucky.

Feb. 15, 1974.

Anthony M. Wilhoit and David E. Murrell, Public Defender, Frankfort, for appellant.

Morris Lowe, Commonwealth Atty., Eighth Judicial District, Bowling Green, for appellee.

OSBORNE, Chief Justice.

This action is before us upon an appeal from a judgment of the circuit court denying relief in an action for a petition for a writ of mandamus against the court reporter.

Petitioner had a hearing in the circuit court on February 2, 1973, pursuant to a motion for relief under RCr 11.42. Relief was denied and an appeal taken to this

court on February 9, 1973, accompanied by a designation of record. The appeal was taken in forma pauperis. A request was made of the official stenographer of the circuit court to provide petitioner with a transcript of the evidence heard in the proceeding. The reporter declined to comply without compensation. This action was then instituted in the circuit court for mandamus to require the reporter to furnish the transcript. That court denied relief. We are of the opinion the judgment will have to be reversed. Petitioner is entitled to a free transcript of the record if it has been determined that he is a pauper, Rose v. Simpson, Ky., 411 S.W.2d 329. To deny such a transcript would be a denial of equal protection of the law.

Warren Circuit Court is one of continuous session. It has two circuit judges. Each judge has a reporter who receives $5,000 per year in salary from the Fiscal Court, KRS 28.410 and 28.450.

For the foregoing reasons this case is remanded back to the circuit court for the entry of a judgment directing the reporter to furnish the transcript.

The judgment is reversed.

All concur.